UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL SCARZO,

     Plaintiff,

    v.

KATHLEEN GRUEN, et al.,

     Defendants.

No.  2:19-cv-00973-CKD-P

ORDER

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.  Plaintiff's first amended complaint is now before the court for screening.  ECF No. 11.

**I.     Screening Standard**

As plaintiff was previously advised, this court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

1   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

2   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

3   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

4   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

5   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

6   Cir. 1989); Franklin, 745 F.2d at 1227.

7        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

8   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

9   support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

10  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

11  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

12  this standard, the court must accept as true the allegations of the complaint in question, Hospital

13  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

14  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

15  McKeithen, 395 U.S. 411, 421 (1969).

16       **II.     Allegations in the First Amended Complaint**

17       While plaintiff did comply with the court's order to limit his amended complaint to 20

18  pages in length, the content of it remains largely the same disjointed diatribe that prevented the

19  court from finding any cognizable claim in his original complaint.  The only cohesive portion of

20  the complaint concerns a 100-day hunger strike on or about August 2019 while plaintiff was an

21  inmate at High Desert State Prison which he alleges led to his retaliatory transfer to the "B Yard"

22  and ultimately to Pleasant Valley State Prison ("PVSP").  ECF No. 11 at 2-3.  Plaintiff further

23  alleges that this transfer to PVSP in his severely weakened state made him more susceptible to

24  contracting Valley Fever.  ECF No. 11 at 3.  However, none of the individuals named as

25  defendants in the amended complaint were involved in the events concerning plaintiff's hunger

26  strike or transfer.  After describing his hunger strike, the allegations spiral into a cacophony of

27  complaints about widespread judicial corruption reaching as far back as plaintiff's bail hearing on

28  the charges for which he is currently incarcerated.  ECF No. 11 at 3-10.  All of the named

1    defendants appear to be connected to this criminal prosecution of plaintiff.

2    By way of relief plaintiff seeks: 1) to recuse the current magistrate judge; 2) to transfer

3    jurisdiction over this matter to a "foreign court of impartial and competent jurisdiction, namely,

4    Japan; 3) to move plaintiff to the protective custody of the Japanese Consulate until such time as

5    his asylum claim can be adjudicated; and, 4) to receive "better health care" from doctors on

6    Consulate grounds.  ECF No. 11 at 10.

7    **III.    Legal Standards**

8    First and foremost, plaintiff is once again advised that he may properly assert multiple

9    claims against a single defendant in a civil action.  Fed. Rule Civ. P. 18.  In addition, plaintiff

10   may join multiple defendants in one action where "any right to relief is asserted against them

11   jointly, severally, or in the alternative with respect to or arising out of the same transaction,

12   occurrence, or series of transactions and occurrences" and "any question of law or fact common

13   to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  However, unrelated claims

14   against different defendants must be pursued in separate lawsuits.  See George v. Smith, 507 F.3d

15   605, 607 (7th Cir. 2007).  This rule is intended "not only to prevent the sort of morass [a multiple

16   claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing

17   fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals

18   that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)."  Id.

19   Most, if not all, of the named defendants in this action appear to be judges or prosecutors

20   connected to the criminal prosecution of plaintiff.  The Supreme Court has held that judges acting

21   within the course and scope of their judicial duties are absolutely immune from liability for

22   damages under § 1983.  Pierson v. Ray, 386 U.S. 547 (1967).  A judge is "subject to liability only

23   when he has acted in the 'clear absence of all jurisdiction.'"  Stump v. Sparkman, 435 U.S. 349,

24   356-7 (1978), quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872).

25   Prosecutors are also absolutely immune from civil suits for damages under § 1983 which

26   challenge activities related to the initiation and presentation of criminal prosecutions.  Imbler v.

27   Pachtman, 424 U.S. 409 (1976).  Determining whether a prosecutor's actions are immunized

28   requires a functional analysis.  The classification of the challenged acts, not the motivation

1   underlying them, determines whether absolute immunity applies.  Ashelman v. Pope, 793 F.2d

2   1072 (9th Cir. 1986) (en banc).  The prosecutor's quasi-judicial functions, rather than

3   administrative or investigative functions, are absolutely immune.  Thus, even charges of

4   malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment

5   of exculpatory evidence will be dismissed on grounds of prosecutorial immunity.  See Stevens v.

6   Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984).

7       **IV.    Analysis**

8       The court again finds the allegations in plaintiff's first amended complaint so vague and

9   conclusory that it is unable to determine whether the current action is frivolous or fails to state a

10  claim for relief.  The court has determined that the amended complaint does not contain a short

11  and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a

12  flexible pleading policy, a complaint must give fair notice and state the elements of the claim

13  plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

14  Plaintiff continues to raise allegations that are unrelated to one another, and it is unduly

15  burdensome to determine which, if any, state a cognizable claim pursuant to 28 U.S.C. §

16  1915A(b).  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).  Additionally, plaintiff

17  must allege with at least some degree of particularity overt acts which defendants engaged in that

18  support plaintiff's claim.  Plaintiff fails to link any of the named defendants to the retaliatory

19  transfers following plaintiff's hunger strike.  See Barren v. Harrington, 152 F.3d 1193, 1194-95

20  (9th Cir. 1998) (emphasizing that "[a] plaintiff must allege facts, not simply conclusions, that

21  show that an individual was personally involved in the deprivation of his civil rights.").  For all

22  these reasons, the first amended complaint must be dismissed.  The court will, however, grant

23  leave to file a second amended complaint.

24      If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how

25  the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or

26  statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended

27  complaint must allege in specific terms how each named defendant is involved.  There can be no

28  liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

4

1  defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.

2  Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

3  1978).  Furthermore, vague and conclusory allegations of official participation in civil rights

4  violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

5      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

6  make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended

7  complaint be complete in itself without reference to any prior pleading.  This is because, as a

8  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

9  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original

10  pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as

11  in an original complaint, each claim and the involvement of each defendant must be sufficiently

12  alleged.

13      **V.      Plain Language Summary for Pro Se Party**

14      The following information is meant to explain this order in plain English and is not

15  intended as legal advice.

16      The court has read your complaint and concluded that it does not link any of the named

17  defendants to any of the claims for relief.  Additionally, the first amended complaint contains too

18  many unrelated claims against unrelated defendants to proceed in a single action.  These problems

19  with your complaint may be fixable so you are being given the chance to file an amended

20  complaint no more than 20 pages in length within 30 days of this order.

21      Accordingly, IT IS HEREBY ORDERED that:

22      1.  Plaintiff's first amended complaint (ECF No. 11) is dismissed; and

23      2.  Plaintiff is granted thirty days from the date of service of this order to file a second

24  amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

25  of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the

26  docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff

27  must file an original and two copies of the second amended complaint; failure to file a second

28  /////

1  amended complaint in accordance with this order will result in a recommendation that this action

2  be dismissed.

3  Dated:  July 6, 2020

4  _____
   CAROLYN K. DELANEY

5  UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13  12/scar0973.14amd.new.docx

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28