UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SCARZO,<br><br>           Plaintiff,<br><br>     v.<br><br>KATHLEEN GRUEN, et al.,<br><br>           Defendants. | No.  2:19-cv-00973-WBS-CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state inmate proceeding pro se and in forma pauperis in this federal civil rights action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.  Currently pending before the court is plaintiff's second amended complaint.  ECF No. 13.

**I.     Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5    Cir. 1989); Franklin, 745 F.2d at 1227.

6           A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

7    which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

8    support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

9    U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

10   Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

11   this standard, the court must accept as true the allegations of the complaint in question, Hospital

12   Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

13   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

14   McKeithen, 395 U.S. 411, 421 (1969).

15          **II.     Allegations in the Second Amended Complaint**

16          Like prior complaints, the allegations in the second amended complaint cover events that

17   occurred "in Los Angeles, San Bernadino, Lassen, Susanville, Fresno, and Reno, Nevada" and

18   cover a time period from 2013 to the present.  ECF No. 13 at 1, 3.  Plaintiff alleges that multiple

19   staff employed at every level of the CDCR are white supremacists who have taunted him using

20   racial slurs and coordinated with various prison gang members to threaten and endanger his life.

21   By way of relief, plaintiff seeks declaratory and injunctive relief as well as compensatory

22   damages.

23          **III.    Analysis**

24          The court has reviewed plaintiff's second amended complaint and finds that it fails to state

25   a claim upon which relief can be granted under federal law.  Plaintiff has improperly joined

26   multiple claims against multiple defendants in this single action.  The court's prior screening

27   orders provided plaintiff with the legal standards governing joinder of parties and claims.

28   However, he made no effort to follow these standards in his second amended complaint.  The

allegations against specific defendants are entirely conclusory in nature and as such are insufficient to state a valid cause of action.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Accordingly, plaintiff's second amended complaint must be dismissed.

If the court finds that a complaint should be dismissed for failure to state a claim, the court has the discretion to dismiss with or without leave to amend.  Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted)).  However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend.  Cato, 70 F.3d at 1105-06.  As it appears further amendment would be futile because plaintiff fails to follow the legal standards provided by the court, the undersigned recommends that this action be dismissed without further leave to amend.  Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

**IV.  Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

It is recommended that your complaint be dismissed because it fails to state any cognizable claim for relief.  Allowing you to amend the complaint would be futile.  As a result, it is recommended that you not be granted leave to amend your complaint and that this civil action be closed.  If you disagree with this recommendation, you have 14 days to explain why it is not the correct result. Label your explanation as "Objections to the Magistrate Judge's Findings and Recommendations."

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's second amended complaint be dismissed without further leave to amend for failing to state a claim upon which

3

relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 12, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/scar0973.F&R.docx